IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SABER PETROLEUM LIMITED, | § |
| Plaintiff, | § § § |
| - against - | § § § 3:00-CV-00325 (AVC) |
| GLENCORE INTERNATIONAL, A.G., | § § § |
| Defendant. | § |

### RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, SABER PETROLEUM LIMITED (hereinafter, "SABER"), having received an Order to Show Cause why this action should not be dismissed without prejudice to refilling, respectfully submits this reply.

### FACTS OF THE DISPUTE

The complaint in this action alleges that the Defendant, Glencore International, A.G. intentionally and tortiously interfered in a contract between Saber and Glencore Ltd., a subsidiary of Glencore International, A.G.; that the Defendant intentionally interfered with Saber's prospective advantage under the contract between Saber and Glencore Ltd.; that the Defendant intentionally and tortiously converted Saber's property, namely the commissions due under the contract; and that the Defendant's actions constitute a violation of Connecticut's Fair Trade statute. The facts relating to the dispute were fully set forth in the pre-trial submissions, and, for the sake of brevity, will not be repeated here.

### PROCEDURAL HISTORY

The original Complaint in the suit was filed on February 17, 2000, and served on the

1

Defendant on February 24, 2000. No answer was ever filed by the Defendant, Glencore International, A.G. However, it did file a Motion to Stay the Proceedings Pending Arbitration on April 21, 2000. Plaintiff, Saber, filed its Response to the Motion on May 26, 2000, and on June 8, 2000, Defendant filed its reply brief. This Court held on November 3, 2000, that the pending action should be stayed pending arbitration. Saber then filed a motion to reconsider, which was denied on January 5, 2001. Saber subsequently filed an interlocutory appeal with the Second Circuit. That appeal was briefed and oral arguments were heard by the Second Circuit, which denied the appeal on June 20, 2001. The Order of this Court of November 3, 2000, staying the proceedings was, thereafter, in effect.

On September 11, 2003, this Court ordered that the parties provide the Court with an update on the status of the matter, and the parties filed a joint submission on or about September 30, 2003. Apparently this transmission was never received, and in April 2005, this Court ordered the matter be dismissed, on a "without prejudice" basis, from the Court's docket. On or about May 3, 2005, Saber's local counsel forwarded a copy of the September 30, 2003 facsimile transmission to the Court to show that the parties had complied with the Court's previous order. On May 18, 2005, the Court issued an Order to Show Cause why the case should not be dismissed.

## **ARBITRATION**

Arbitration has not yet commenced in the matter in London, as the Plaintiff herein has not had the resources to put up security for the Respondent's costs in the arbitration, as required under English law. Further, English counsel advises that they are not permitted to advance such security, nor are they permitted to take the case on a contingency basis.

2

**ARGUMENT**

Saber is a very small company with three partners and no full-time employees. The company was a purpose-built entity, organized especially for the agency work to be provided to Glencore. In other words, Saber's income should have been generated by the commissions due to Saber from Glencore under the disputed agency agreement. As a result of the failure of both Glencore, A.G. and Glencore International to pay commissions due under the agency agreement, Saber has operated virtually without any income since the time this litigation was commenced. While the principals behind Saber funded the initial litigation from their own pockets at the outset, Saber and its principals have not been able to fund the further prosecution of the case in arbitration in London due to their limited resources. Therefore, until such time as Saber can accumulate sufficient discretionary funding, it cannot move forward with the arbitration. However, the principals have indicated that Saber will likely be in a position to commence the arbitration in London before the end of 2005.

If the Court insists on dismissing the case without prejudice to refiling at a later date, under current Second Circuit cases, the Statute of Limitations will not be tolled between the time of the dismissal and the time of the refiling. Therefore, in the event that the case is dismissed, the Plaintiff will have no recourse but to lose a major portion of its claim for damages to the time bar. This would be inequitable and would act as a penalty for a Plaintiff that has not been able to afford the relative luxury of arbitrating its case in London against an opponent with virtually limitless resources.

Accordingly, Saber respectfully requests that the Court's order to dismiss the case be

3

withdrawn and the case returned to the Court's docket. Saber further respectfully offers that if it cannot commence the arbitration in London by December 15, 2005, it shall voluntarily move the Court to dismiss the action, without prejudice to refile, by December 30, 2005.

## PRAYER

Plaintiff, SABER PETROLEUM, LIMITED, requests this Honorable Court to:

(1)   Withdraw the Order dismissing the case without prejudice to refilling;

(2)   Reinstate the case to the Court's Docket; and

(4)   Provide for and order any other and further relief which may be appropriate.

                Respectfully Submitted,

                The Plaintiff,
                SABER PETROLEUM LIMITED

By: _[signature]_
Charles E. Murphy (CT 18784)
Patrick F. Lennon (CT 11950)
TISDALE & LENNON, LLC
10 Spruce St.
Southport, CT 06490
TL@tisdale-lennon.com

OF COUNSEL:
Michael G. Chalos (Fed. Bar No. MC3939)
Charles S. Cumming (Fed. Bar No. CC4160)
FOWLER, RODRIGUEZ & CHALOS
366 Main Street
Port Washington, NY 11050

## CERTIFICATION OF SERVICE

I hereby certify that on this 8th day of June 2005, I mailed a copy of the foregoing pleading, postage prepaid, to the following counsel of record:

Curtis, Mallet-Prevost, Colt & Mosle

101 Park Ave., 35th Floor
New York, NY 10178
Attn:   Elliot Lauer, Esq.
        Jacques Semmelman, Esq.

By: *Charles E. Murphy*
Charles E. Murphy