UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SABER PETROLEUM
  Plaintiff,

VS.   :   Civil No. 3:00CV325 (AVC)

GLENCORE INT'L, A.G.,
  Defendant.

### ORDER AFFIRMING JUDGMENT OF DISMISSAL

This is an action for damages. The plaintiff, Saber Petroleum claims that the defendant, Glencore International ("International") engaged in tortious and unfair trade practices by interfering with and preventing International's subsidiary, Glencore Ltd., from paying commissions due Saber under a petroleum sales contract. On November 3, 2000, the court granted Glencore's motion to stay this action pending arbitration in London, England.

On September 11, 2003, the court issued an order requiring the parties to submit a status report concerning the arbitration. The court did not receive a response and, accordingly, on April 4, 2005, the court terminated the stay and dismissed the matter without prejudice. On May 3, 2005, Saber submitted a letter to the court stating that, in fact, on September 30, 2003, Saber had faxed the court's chambers a letter stating that the parties planned to commence the arbitration in the end of 2003.

On May 18, 2005, the court ordered Saber to show cause why, in light of Saber's failure to prosecute, this matter should be

reopened as almost one year and a half has passed since the most recent "planned commencement" of the arbitration, and over five years have passed since this matter was first filed in this court.

On June 9, 2005, Saber filed its response to the order to show cause, explaining that it has not yet filed for arbitration because of the high costs involved in that undertaking, and arguing that if the dismissal order were to remain unchanged, the limitations period would not be tolled from the time of dismissal to the time of refiling.

While sympathetic to Saber's position, the fact remains that over five years have lapsed since the commencement of this action. The court cannot allow this matter to remain pending indefinitely, as that would defeat the very purpose of a statute of limitations, that is, to protect defendants from protracted and unknown potential liability. See e.g., Beede v. Town of East Haddam, 708 A.2d 231, 234 (Conn. App. 1998). Accordingly, the court concludes that Saber has failed to show cause sufficient to authorize a reopening of this matter. The court's order of dismissal shall remain undisturbed.

It is so ordered this 11th day of July, 2005 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge